UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOUISE KININNOOK,

      Plaintiff,

      v.                                    CASE NO. 8:05-CV-2044-T-MAP

JO ANNE B. BARNHART,
Commissioner of Social Security,

      Defendant.
_____/

## ORDER

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying her period of disability benefits and Disability Insurance Benefits ("DIB").[1] She claims the Administrative Law Judge ("ALJ") erred in finding her testimony lacked credibility and in determining she possessed the residual functional capacity to perform her past relevant work. After reviewing the record and the parties' memoranda, I find that the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

*A. Background*

Plaintiff, who was 55 years old at the time of the ALJ's decision, earned a bachelor's degree in psychology and received vocational training in secretarial skills, accounting, and computers. She has work experience as a material handler, packager, office clerk, and administrative assistant, and in customer service and fast food. She alleges she became disabled on July 10, 1997, after spinal fusion surgery in 1995, due to obesity, osteoporosis, left carpal tunnel problems requiring surgery,

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 10).

depression, osteoarthritis, and lumbar, thoracic, and cervical degenerative disc disease. Plaintiff first filed for disability benefits on March 28, 2000, and the ALJ held a hearing and denied benefits. The Appeals Council denied review, and she appealed to the United States District Court for the District of Oregon because she resided in Oregon at the time. This Court remanded her case for further administrative proceedings due to a lost transcript from the administrative proceedings below. Thereafter, the Appeals Council ordered the ALJ to conduct a new hearing and the ALJ found Plaintiff not disabled. On July 16, 2001, the Plaintiff filed another claim for disability insurance benefits and supplemental security income payments, alleging an onset date of July 19, 1997. The ALJ considered this new claim with her March 28, 2000, claim and concurrently denied benefits on both claims. The case is now ripe for review.

### B. Standard of Review

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a); 416.920(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national

economy in view of her age, education, and work experience.  A claimant is entitled to benefits only

if unable to perform other work.  See *Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 CFR §§

404.1520(f), 416.920(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those

findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual

findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable

person would accept as adequate to support a conclusion" exists.  *See* 42 U.S.C. § 405(g); *Keeton*

*v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not

reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the

evidence preponderates against the ALJ's decision.  *See Bloodsworth v. Heckler*, 703 F.2d 1233,

1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the

reviewing court sufficient reasoning for determining that he/she has conducted the proper legal

analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir.

1987) (remand for clarification).

C.  *Discussion*

1.  *Credibility finding*

Plaintiff contends the ALJ erred in finding her testimony inconsistent with the medical

records regarding her pain and memory/ cognitive problems.  In assessing Plaintiff's credibility, the

Commissioner must consider all the claimant's symptoms, including pain, and the extent to which

these symptoms can reasonably be accepted as consistent with the objective evidence and other

evidence.  *See* 20 C.F.R. § 404.1529.  "Objective evidence" means medical signs shown by

medically acceptable clinical diagnostic techniques or laboratory findings.  20 C.F.R. § 404.1528.

"Other evidence," as that term is used here, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. § 404.1512(b)(2)-(6). SSR 96-7p, promulgated to clarify the requirements of 20 CFR § 404.1529, requires the ALJ to carefully consider subjective symptoms with the rest of the relevant evidence in the record in reaching a conclusion about a claimant's credibility. The ruling requires the ALJ to "consider the entire record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record." Importantly, the ruling states:

> It is in "not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible. It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p requires the ALJ to consider medical signs and laboratory findings, diagnosis, prognosis, and medical opinions from treating and examining physicians or psychologists, and statements and reports from Plaintiff, treating or examining physicians or psychologists and other persons about the Plaintiff's medical history, treatment and response, prior work record and efforts to work, daily activities, and other information concerning the Plaintiff's symptoms and how the symptoms affect the Plaintiff's ability to work. The Eleventh Circuit pain standard incorporates this scheme by requiring: (1) evidence of an underlying medical condition and either (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (b) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to

4

the alleged pain. *Foote v. Chater,* 67 F.3d 1553, 1560-61 (11th Cir. 1995); *Landry v. Heckler*, 782

F.2d 1551, 1553 (11th Cir. 1986).  While commonly called the "pain standard," this test applies to

all subjective symptoms, including fatigue and memory loss. *Holt v. Sullivan*, 921 F.2d 1221 (11th

Cir. 1991); 20 CFR § 401.1529.

Following the regulation and the pain standard, the ALJ assessed the Plaintiff's subjective

complaints in light of the objective medical evidence and other record evidence. *See* 20 C.F.R. §

404.1529; SSR 96-7p.  In doing so, the ALJ found Plaintiff's constant complaints of pain

inconsistent with the medical evidence and her testimony regarding her daily activities.  While

Plaintiff claims the ALJ's decision lacks specificity because it fails to reference particular exhibits

and page numbers, the ALJ cited to both SSR 96-7p and § 404.1529, described the medical

evidence, and referenced Plaintiff's testimony before concluding they were inconsistent.

Specifically, the ALJ stated that although the medical evidence supports Plaintiff's contention that

she stopped work on July 10, 1997, due to back pain, the medical records including Plaintiff's

reports to her doctors show that her back pain improved after that date and that she then suffered

from intermittent back pain especially when she failed to abide by her doctor's lifting restrictions.

Contrary to Plaintiff's contention, the ALJ properly referred to specific medical exhibits throughout

his decision including references pertaining to her work injury, back treatment, and brain injury

rehabilitation to support his decision.

The Plaintiff argues that the ALJ found inconsistencies between her back pain and memory

loss and her subjective testimony where there were none.  For example, she says the ALJ

misinterpreted the rehabilitation therapy discharge note, characterizing the note as "troubling" and

confusing.  The discharge note states that Plaintiff may benefit from a focused re-evaluation with

specific goals in the future and indicates that she is not a candidate for further rehabilitation at that time.  Importantly, the note states that her reports are organized and complete, she is able to take excellent notes, and learned visualization and rehearsal strategies as well as compensation with written notes.  The therapist discharged her, describing her as "functional for current level of needs." (R. 706).  I find the ALJ's conclusion that no further treatment is needed consistent with Plaintiff's discharge summary.  Accordingly, I find the ALJ's decision shows he properly considered the objective medical evidence and other record evidence in evaluating Plaintiff's subjective complaints.

### 2. *Residual functional capacity*

Plaintiff claims the ALJ erred in his residual functional capacity assessment at step four of the sequential analysis.  She vaguely asserts that the ALJ should have included her "significant cognitive deficit" in his RFC determination.  As the Commissioner notes, SSR 96-8p requires:

> the RFC assessment include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).  In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record.

Hence, the regulation does not require the ALJ to discuss all of Plaintiff's abilities on a function-by-function basis.  Instead, the ALJ only needed to explain how the evidence supported his conclusions.  Prior to discussing RFC, the ALJ thoroughly evaluated the Plaintiff's medical evidence.  Specifically, the ALJ discussed Plaintiff's memory loss and rehabilitation treatment.  Because the Plaintiff needed no further cognitive therapy and had learned coping strategies to aid her memory deficits the ALJ concluded she did not have a memory impairment and her only psychological limitation was a moderate socialization deficit that would preclude public contact.

Accordingly, the ALJ need not mention her alleged memory problems in determining her RFC, and

I find the record substantially supports the his RFC findings.

*D. Conclusion*

For the reasons stated, it is hereby

ORDERED:

1.      The Plaintiff's complaint is dismissed and the Commissioner's decision affirmed.

2.      The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED in chambers at Tampa, Florida on this 18th day of September, 2006.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

copies to: counsel of record

7